**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Elaine Warren,

Petitioner,

v.

L. Molis,

Respondent.

Civil No. 25-CV-2995 (NEB/EMB)

**REPORT AND RECOMMENDATION**

---

This case is before the Court on Petitioner Elaine Warren's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1.) Ms. Warren is a federal prisoner incarcerated at FCI Waseca. (*Id.* at 1.) For the reasons explained below, I recommend the petition be denied.

Prepared on a template form, the petition purports to raise four grounds for relief. (*See* Pet. 6–8.)[1] Each ground challenges the Federal Bureau of Prisons's ("BOP's") decision not to apply earned-time credits ("ETCs") that Ms. Warren claims to have earned based on her PATTERN risk score of Medium.[2] As relevant here, prisoners with a Medium PATTERN

---

[1] Citations to filings in this case reference the pagination generated by the District's CM/ECF electronic-filing system.

[2] A "PATTERN score" is a risk-and-needs assessment tool used to evaluate an inmate's likelihood of recidivism and thus eligibility for ETCs under the First

score generally cannot apply ETCs toward prerelease custody or supervised release. *See* 18 U.S.C. § 3624(g)(1)(D)(i)(I), (D)(ii).

Ground 1 contends that that even though Ms. Warren has "completed substantial programming," her PATTERN score "will never reduce" lower than its current Medium level. (Pet. at 6.). The precise nature of this claim is uncertain, but I understand her argument to be that her inability to lower her PATTERN score through completed programming is legally problematic.

On this reading, Ground 1 does not present a cognizable habeas claim. Ms. Warren's statement that her PATTERN score "will never" fall below Medium does not allege a violation of any statute; it simply objects to how the BOP has applied the PATTERN tool in her case. Nor does Ground 1 raise a constitutional question. At best, Ms. Warren seems to invoke due process, but the U.S. Supreme Court has explained that due-process protections do not apply to "prisoner classification[s] and eligibility for rehabilitative programs in the federal system." *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Rather, "Congress has given federal prison officials full discretion to control these conditions of confinement, and [prisoners have] no legitimate statutory or constitutional entitlement sufficient to invoke due process." *Id.* (citation omitted). Courts in this District have consistently relied on *Moody*

---

Step Act. *See* 18 U.S.C. § 3632(a) (requiring development of "assessment system").

to hold that challenges to PATTERN scores are not cognizable in habeas. *See, e.g.*, *Cullar v. Warden, FCI Sandstone*, No. 24-CV-3741 (JMB/ECW), 2024 WL 5508587, at *2 (D. Minn. Nov. 14, 2024) (collecting cases), *report and recommendation adopted*, 2025 WL 798806 (D. Minn. Mar. 13, 2025), *amended*, 2025 WL 1194275 (D. Minn. Apr. 24, 2025). I therefore recommend denying the Petition as to Ground 1.

Ground 2 claims the BOP has "delayed" Ms. Warren's "entrance" into programming that "could have reduced [her] PATTERN score." (Pet. at 7.) The argument seems to be that if Ms. Warren had been allowed into certain BOP programs sooner, she might have earned a lower PATTERN score. *Cf.* U.S. Dep't of Just., *The First Step Act of 2018: Risk and Needs Assessment System—Update* 11–12 (Jan. 2020) (discussing efforts to make PATTERN scores more reflective of prisoner rehabilitation efforts), https://www.bop.gov/inmates/fsa/docs/the-first-step-act-of-2018-risk-and-needs-assessment-system-updated.pdf (last accessed July 22, 2026).

But once again, Ms. Warren identifies no statutory right to participate in any specific BOP program, and *Moody* makes clear that she has no due-process right to access particular programming. *Cf. Henny v. United States*, No. 23-CV-2773 (PAM/DJF), 2023 WL 8184338, at *3 (D. Minn. Nov. 27, 2023) (relying on *Moody* to reject a due-process claim based on prison's "fail[ure] to offer sufficient evidence-based recidivism reduction programming

or productive activities"), *report and recommendation adopted*, 2023 WL 8802869 (D. Minn. Dec. 20, 2023). Ground 2 therefore does not state a cognizable habeas claim, and the Court recommends denying the Petition as to this ground.

Ground 3, in contrast, does rely on a specific statutory provision. Under 18 U.S.C. § 3624(g)(1)(D)(i)(II), a warden may approve an inmate's early transfer to prerelease custody even if the inmate has a Medium or High PATTERN risk score. For this exception to apply, however, the inmate must request such treatment, and the warden must determine, after individualized review, that the inmate is not a danger to society, has made good-faith efforts to reduce recidivism risk, and is unlikely to reoffend.

Ground 3 states only that FCI-Waseca's warden "has the ability to apply [ETCs]" to inmates with a Medium PATTERN score, (Pet. at 7), which is accurate under the statute discussed above. But Ms. Warren appears to suggest that the warden improperly refused to grant her request for the benefit of § 3624(g)(1)(D)(i)(II). Based on the materials Ms. Warren submitted with the Petition, she apparently did make such a request, but the warden denied it in December 2024 "due to [Ms. Warren's] minor history of escape." (Dkt. No. 1-1 at 3.)

Assuming Ms. Warren seeks to challenge that denial, Ground 3 fails. Federal courts cannot second-guess the BOP's individualized exercise of

discretion in this area.[3] Congress has expressly barred judicial review of any "determination, decision, or order" made by the BOP under 18 U.S.C. §§ 3621–24. *See* 18 U.S.C. § 3625. That bar plainly extends to determinations under § 3624(g)(1)(D)(i)(II). *Simon v. L. LaRiva*, 16-cv-00146-ADM/TNL, 2016 WL 1626819, at *4 (D. Minn. Mar. 10, 2016), *report and recommendation adopted,* 2016 WL 1610603 (D. Minn. Apr. 21, 2016). I therefore recommend denying the Petition as to Ground 3.

Finally, Ground 4 asserts "I am clear conduct," (Pet. at 8), which the I understand to mean that her clean disciplinary record should weigh in favor of applying ETCs in her case, despite her Medium PATTERN score.[4] But any argument of this kind essentially asks the Court to revisit the warden's decision under 18 U.S.C. § 3624(g)(1)(D)(i)(II). For the reasons already explained, this Court has no authority to do so. I therefore recommend denying the Petition as to Ground 4.

Because Ms. Warren is not entitled to relief on any of her claims, I recommend denying the petition in full and dismissing this action.

---

[3] Nothing in the Petition suggests that Ms. Warren is claiming that no individualized review occurred. On the contrary, the reference to the denial cites a specific factor in her history, which indicates that individualized review did in fact take place. (*See* Dkt. No. 1-1 at 3.)

[4] It's not clear how this statement aligns with Ms. Warren's apparent "minor history of escape," (Dkt. No. 1-1 at 3), but that discrepancy is immaterial for the reasons outlined above.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner Elaine Warren's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, be **DENIED**.

2. This action be **DISMISSED**.

Dated: July 23, 2026

*s/Elsa M. Bullard*
Elsa M. Bullard
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).